# U.S. Bankruptcy Court
# Middle District of Florida

In re:  
**ELIZABETH MARIE BLANK**  
Debtor

Bankruptcy Case No. **9:15−bk−07321−FMD**

**TOBY CROSS**  
**ARTHUR LOPEZ**  
Plaintiff

Adversary Proceeding No. **9:15−ap−00926−FMD**

v.  
**ELIZABETH MARIE BLANK**  
Defendant

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| **Address of Clerk** |
|---|
| Clerk, U.S. Bankruptcy Court<br>Middle District of Florida<br>Sam M. Gibbons Federal Courthouse<br>801 N. Florida Ave. Suite 555<br>Tampa, FL 33602 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| **Name and Address of Plaintiff's Attorney** |
|---|
| Richard M Dauval<br>3900 First Street North, Suite 100<br>St. Petersburg, FL 33703 |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



*Lee Ann Bennett*

Clerk, U.S. Bankruptcy Court

**\*\*\* Important Notice \*\*\***

.  
**The enclosed Certificate of Service must be filed with the court after service has been made on the parties.**

CSD 3007

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADMINISTRATIVE ORDER | ) | Administrative Order |
| PRESCRIBING PROCEDURES FOR | ) | FLMB-2014-10 |
| ADVERSARY PROCEEDINGS | ) | |
| | ) | |

**ADMINISTRATIVE ORDER
PRESCRIBING PROCEDURES
FOR ADVERSARY PROCEEDINGS**

This Administrative Order establishes uniform procedures for adversary proceedings filed in this district after February 1, 2015.  Accordingly, it is

**ORDERED**:

1. Service of Summons, Complaint, and Administrative Order. Plaintiff shall serve the summons issued by the Clerk, a copy of this Administrative Order Prescribing Procedures for Adversary Proceedings, and the complaint initiating an adversary proceeding within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e).  If the initial summons and accompanying papers are not timely served, the Plaintiff promptly shall request and serve a new summons together with the Complaint and a copy of this Administrative Order.  Parties must effect service on all defendants no later than 28 days after the complaint was filed, notwithstanding Fed. R. Civ. P. 4(m).  If additional parties are added later, the plaintiff shall serve a copy of this order on each additional party within seven days of the date the additional party is added.

2. Proof of Service.  Plaintiff shall promptly file a proof of service indicating service of each summons, the complaint, and this Administrative Order on each defendant.

1

3. <u>Failure to Effect Service</u>. If plaintiff does not complete timely and effective service of the summons and complaint, the Court may, without further notice or hearing, dismiss the adversary proceeding for lack of prosecution.

4. <u>Defaults</u>. Plaintiff shall seek entry of a Clerk's default and move for a judgment by default no later than 60 days after the complaint is filed if a defendant has not filed a timely response.

5. <u>Extensions of Time</u>. Plaintiff must file any motion for an extension of time to effect service or to apply for the entry of default no later than 60 days after the complaint is filed and must demonstrate good cause for the requested extension.

6. <u>Motions</u>. The negative notice procedures set forth in Local Rule 2002-4 shall apply to all motions other than motions for withdrawal of the reference that are governed by Local Rule 5011-1. The response time shall be 14 days, except for summary judgment motions for which the response time shall be 21 days. Parties may file a reply, if desired, no later than seven days after a response is filed.

   a. <u>Format</u>. All motions, responses, and replies shall comply with the Court's Style Guide, be double spaced, and where appropriate, include a legal memorandum containing argument and citations of authorities. Absent leave of Court, motions and supporting memoranda shall not exceed ten pages in length.

   b. <u>Emergency Motions</u>. The Court will consider emergency motions at any time in its discretion. Emergency motions shall comply with Local Rule 9004-2(d) and shall be filed using the Emergency Filings/Matters/Motions link on the Court's website, www.flmb.uscourts.gov/procedures.

   c. <u>Summary Judgment</u>. Parties shall file motions for summary judgment no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. The trial will proceed as scheduled even if a motion for summary judgment is pending, absent order of the Court.


7. <u>Motions to Determine Whether Case is Core</u>. Not later than the date set for filing a response to the complaint, any party objecting to the entry of final orders or judgments by the Bankruptcy Court on any issue in the adversary proceeding shall file a motion requesting that the Court determine whether the proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. Failure of any party to file a motion on or before the deadline set forth in this paragraph shall be deemed consent by such party to the Bankruptcy Court entering all appropriate final orders and judgments in the proceeding subject to review under 28 U.S.C. § 158.

8. <u>Meeting of Parties</u>. At least 14 days prior to the initial status or pretrial conference, attorneys for represented parties or unrepresented parties shall meet (the "Meeting of Parties") to discuss:

   a. The claims and defenses;

   b. The possibility of settlement;

   c. The initial disclosures required in Paragraph 10 below; and

   d. A discovery plan as required by Fed. R. Civ. P. 26(f).

9. <u>Commencement of Discovery</u>. Discovery may not commence until the conclusion of the Meeting of Parties, absent leave of Court.

10. <u>Initial Disclosures</u>. Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties, and without any formal discovery requests, each party shall:

    a. Identify in writing each person with discoverable information relevant to the disputed facts;

    b. Provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

    c. Formulate a joint discovery plan, if possible; and

    d. Provide a written computation of any damages claimed.

11. <u>Pretrial or Status Conference</u>.  The Court will conduct a status or pretrial conference at any time after a responsive pleading is filed but, in any event, no later than approximately 90 days after the Complaint is filed.  Parties may not introduce testimony or documentary evidence at the status conference.  The Court, however, will consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the status conference by parties either directly or through counsel.

12. <u>Pretrial Disclosures and Exhibits</u>.

    a.  <u>Witness List and Use of Depositions</u>.  Fed. R. Civ. P. 26(a)(3) shall govern pretrial disclosures regarding witnesses and use of depositions.  Parties shall file and exchange names, telephone numbers, and addresses for witnesses, any designations of depositions at least 28 days before trial. Objections to the use of depositions shall be filed within 14 days of the disclosure. Parties shall confer on any factual or evidentiary stipulations prior to trial.

    b.  <u>Exhibits</u>. Parties shall prepare exhibits in compliance with Local Rule 9070-1 and Administrative Order 2014-6 addressing Electronically Stored Exhibits and shall exchange exhibits no later than seven days before the date set for trial.  Unless written objection to the admissibility of any exhibit is filed no later than the close of business on the second day before trial, any objection to admissibility (other than under Fed. R. Evid. 402 and 403) shall be deemed waived.

    c.  <u>Self-Authentication of Records of Regularly Conducted Activity</u>.  If a party intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) with respect to the introduction into evidence of records of regularly conducted activities pursuant to Fed. R. Evid. 803(6), the party shall file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted at least 28 days before trial.

13. <u>Expert Witness Testimony</u>.  As a condition of using expert testimony at trial, parties must comply with Fed. R. Civ. P. 26(a)(2) no later than 28 days before trial.

14. <u>Stipulations</u>.  All stipulations of the parties shall be made in writing, signed, and promptly filed with the Court.

15. <u>Supplementation of Disclosures</u>.  Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

16. <u>Discovery Deadline</u>.  Parties shall complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.

17. <u>Discovery Disputes</u>.  If a discovery dispute occurs, the parties shall first, as required by Fed. R. Bankr. P. 7037(a)(1), confer in good faith to attempt to resolve the issues.  If unsuccessful, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

18. <u>Sanctions</u>.  Failure to comply with all requirements of this Administrative Order may result in the imposition of sanctions that could include the striking of a party's pleading or the denial of the right to introduce evidence or witness testimony.

19. <u>Settlements</u>.  Pursuant to Local Rule 9019-1, parties immediately shall notify the Court of any settlement and promptly file a motion to approve the compromise in the Debtor's main case, not in the adversary proceeding, with one exception.  If the adversary proceeding only asserts claims under 11 U.S.C. Section 523, a motion to approve the compromise is not necessary but, if the parties desire, they may seek approval of the settlement by filing a motion in the adversary proceeding.

DATED:  December 18, 2014

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
                           (name)
service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _____ by:
         (date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
   as follows: [Describe briefly]                                                                         (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____         _____
                Date                                                                    Signature

| Print Name |
| Business   Address |
| City                          State           Zip |