UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                          Case No.: 9:15-bk-07321-FMD

ELIZABETH MARIE BLANK,                          Chapter 7

Debtor(s).

_____/

TOBY CROSS and ARTHUR LOPEZ,
individuals, on their own behalf and on
behalf of all others similarly situated
Plaintiff(s),
vs.                                             Adv. No.: 9:15-ap-00926-FMD

ELIZABETH MARIE BLANK
Defendant(s).

_____/

**DEBTOR'S MOTION TO DISMISS COMPLAINT PURSUANT TO
BANKRUPTCY RULES 7008, 7009, AND 7012**

COMES NOW, Elizabeth Marie Blank (the "Debtor" or "Defendant"), by and through

the undersigned attorney, and pursuant to Bankruptcy Rules 7008, 7009 and 7012, moves this

Court to dismiss the Complaint of Plaintiff Tobey Cross and Arthur Lopez, individuals on their

own behalf and on behalf of others similarly situated (the "Plaintiffs"), and in support thereof

states as follows:

**STATEMENT OF CASE**

1.      The Debtor filed a case under Chapter 7 of the Bankruptcy Code on July 16, 2015

seeking the fundamental protections of the Bankruptcy Code and Rules.

2.      The Plaintiffs are unsecured creditors scheduled on the Debtor's bankruptcy

petition.

1

3.      On December 27, 2013, the Plaintiffs initiated an action against the Debtor by

filing a Class Action Complaint in the United States District Court for the Northern District of

Texas, Dallas Division, No. 3:13-cv-05013-M-BH (the "Class Action").   Several non-debtor

entities, including two entities which had previously been owned by the Debtor, were named in

the Class Action.

4.      The Debtor's 341 Meeting of Creditors was held and concluded on August 19,

2015.  Neither the Plaintiffs nor their counsel appeared at the 341 Meeting of Creditors.

5.      On October 19, 2015, the Plaintiffs filed a Complaint to Determine

Dischargeability Pursuant to Sections 523 and 727 (the "Complaint").

6.      As of the Date of filing this Motion, the Chapter 7 Trustee has not filed a Notice

of Assets in this case nor has the Clerk set a deadline to file a Proof of Claim.

<u>**ARGUMENT**</u>

I.   **BANKRUPTCY RULES 4001, 7001 AND 9014 REQUIRE THAT PLAINTIFFS FILE A SEPARATE MOTION IN ORDER TO SEEK STAY RELIEF OR RULE 23 CERTIFICATION**

The Plaintiffs docketed the Complaint as a Complaint Objecting to the Dischargeability

of Debt pursuant to Sections 11 U.S.C. §523 and §727 of the Bankruptcy Code. The majority of

the relief requested in the Complaint, however, does not involve the Debtor's discharge, and

should not be before this Court in an Adversary Proceeding filed as an Objection to Discharge.

The Plaintiffs' Complaint specifically requests relief from the automatic stay in order to pursue

their Class Action  so that they may file a class proof of claim in this bankruptcy case.  Rule

9014 of the Federal Rules of Bankruptcy Procedure mandates that relief from stay be requested

by motion.  The motion shall be styled in the same manner as the bankruptcy case, and not as an

adversary proceeding.  Rule 7001 of the Bankruptcy Code also specifically provides a restrictive list of proceedings that should be filed as an Adversary Proceeding, none of which include requests for stay relief or proof of claim disputes.  As the Advisory Committee Notes explain in both Rules 7001 and 4001, "**Subdivision (a)** transforms with respect to the automatic stay what was an adversary proceeding under the former rules to motion practice"  A request for relief from the stay must be made by motion, as Bankruptcy Rule 4001(a) requires; such a request should not be buried in a pleading seeking entirely separate relief.  *In re Auto-Pak, Inc.*, 52 B.R. 3, 5 (Bankr. D.D.C. 1985).

The Plaintiffs in this proceeding attempt to seek various forms of relief which should not be before this Court in an adversary proceeding seeking to revoke the Debtor's discharge.  In doing so it makes it virtually impossible for the Defendant to file an adequate answer to the dischargeability allegations.  The majority of the facts laid out in the Complaint appear in sections of the Complaint requesting stay relief or for the Plaintiff to be allowed to file a class proof of claim.  The Complaint in its current form does not allow the Defendant to be able determine which facts apply to which of the §523 and §727 dischargeability allegations.   As such, the Complaint should be dismissed in its entirety, or in the alternative, the sections of the Complaint which do not deal with Objecting to the Debtor's Discharge should be stricken.

## II.   THE PLAINTIFFS SHOULD NOT BE ENTITLED TO STAY RELIEF IF THIS ADVERSARY PROCEEDING IS NOT DISMISSED

In the event this Court Determines that the Complaint should not be stricken or dismissed, it still must deny the Plaintiffs stay relief to pursue their Class Action claim.  A party moving to lift the automatic stay must show "cause" for such relief to be granted. See 11 U.S.C. § 362(d).   In determining whether such "cause" exists, the courts employ a "totality of

circumstances" test, which essentially involves weighing and balancing the possible prejudices to the parties and bankruptcy policies favoring expedition and efficient resolution of disputes. *See In Re Nofziger*, 2007 WL 1047067 (11th Cir. 2007); *In Re Aliosi*, 261 B.R. 504, 508 (M.D. Fla. 2001). Among the factors the courts consider in determining whether to lift the stay so that a previously filed litigation can continue are: (1) the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted; (2) the potential prejudice to the debtor and the debtor's estate; (3) the efficient use of judicial resources; and (4) whether the creditor has a probability of success upon the merits. *Id.* The decision to lift the stay is within the discretion of the Bankruptcy Court Judge. *In re Dixie Broad., Inc.,* 871 F.2d 1023, 1026 (11th Cir.1989). Unsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances. *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013); quoting *In re Brown,* 311 B.R. 409, 412–13 (E.D.Pa.2004).

### A.    Lifting the stay would waste judicial resources.

There is no doubt that the modification of the automatic stay to allow the Plaintiffs to litigate the Class Action would create duplicative work for this Court and waste judicial resources, rather than aid in the efficient administration the Debtor's bankruptcy estate. Assuming the Class Action claim was liquidated in the Texas District Court, this Court would still have to address the underlying facts in order to determine whether the claim was dischargeable in the Debtor's bankruptcy case. In *In Re Paxson Electric Company*, 242 B.R. 67, 70 (M.D. Fla. 1999), the court denied a motion to lift the stay to allow previously filed state court litigation to proceed. The court held that lifting the stay would interfere with judicial economy because the bankruptcy court would have to review the State court's findings in order to administer the

4

bankruptcy case.  *Id.*  Thus, the court held that lifting the stay would multiply the proceedings rather than increase efficiencies in the litigation process.  Similarity, in this case if there was a determination of liability in the Texas District Court, this Court would still have to review the findings to determine dischargeability under 11 U.S.C. §523 or §727.  The legal standards to determine liability in the Class Action may differ significantly from the legal standards to determine the dischargeability of debt in bankruptcy.

**B.    The Debtor would be severely prejudiced if the stay was lifted.**

The Debtor has filed for Chapter 7 bankruptcy because she is insolvent.  She does not have the means nor resources to continue to fend of alleged creditors.  The Plaintiffs in this action are no doubt aware of the inefficiencies of litigating the potential Class Action claim at the same time of litigating an adversary proceeding to determine whether that claim would even be non-dischargeable in the first place.   A resolution in the pending adversary proceeding before this Court that the Plaintiffs' potential claim is discharged in the Debtor's bankruptcy would eliminated any need to litigate the Class Action.  The Plaintiffs, however, have the resources to litigate both cases and know that the Debtor does not.  Even though a resolution in this adversary proceeding would eliminate the need to continue the Class Action, the Plaintiffs are willing to take a financial loss in the Class Action in order to deplete the resources of the Debtor in adequately defend the adversary proceeding.   Resolving the dischargeability issues in the adversary proceeding before allowing the Plaintiffs to proceed against possibly dischargeable debt adequately protects the financial interests of both parties.

**C.    The Plaintiffs do not have a high probability of success on the merits.**

It is unclear at best whether the Plaintiffs have a high probability of success on the merits

in the Class Action.  The Class Action has been pending in the Northern District of Texas for nearly two years, and the Plaintiffs have yet to receive class certification.  Plaintiffs have had to amend their Class Action Complaint on numerous occasions, and the Class Action has been dismissed against all other parties besides the Debtor.   Even if Plaintiffs are successful on the merits in the Class Action, the alleged debt could very well be determined to be discharged in the Debtor's bankruptcy case.  It is well established that  the central  purpose of the Bankruptcy Code is to enable insolvent debtors to discharge their debts and enjoy the opportunity for a "fresh start" *In Re Bullock*, 670 F.3d 1160 (11th Cir. 2012).  Since exceptions to discharge are contrary to the fresh start policy of the Bankruptcy Code, the exceptions are strictly construed against the creditor and in favor of the debtor. *In re Gans,* 75 B.R. 474, 482 (Bankr.S.D.N.Y.1987). Therefore, a creditor seeking to establish an exception to the discharge bears the burden of proof and must establish the nondischargeability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).  The Plaintiffs  would need to be successful in both the Class Action and in this Adversary Proceeding to have a successful claim.

**D.      There is no potential hardship to the Plaintiffs if the stay is not lifted.**

As discussed above, the Class Claimants have yet to received class certification meaning that any resolution in the Class Action could potentially be years away as no trial date has been set and minimal discovery has taken place.  This does not begin to include any potential appeals that may result in a monetary judgment against the Debtor.  The Plaintiffs have also not identified any witnesses or evidence that is in danger of being lost if if the stay is not lifted.  Furthermore, any resources spent pursuing the Class Action against the Debtor would be highly inefficient due to the high likelihood that this Bankruptcy Court may still find the underlying debt dischargeable.

It is well established that creditor objecting to the dischargeability of a debt carries the burden of proof, and the standard of proof is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *AltaOne Federal Credit Union v. Bumgarner*, 402 B.R. 374, 379 (M.D. Fla. 2007) ("Pursuant to the Grogan decision, the objecting party must establish each of the four elements of fraud by a preponderance of the evidence."); *In re Wiggin*s, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000); Fed. R. Bankr. P. 4005 (2007). Exceptions to discharge "should be strictly construed against the creditor and liberally in favor of the debtor." *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986).  As such, there is strong likelihood that the Plaintiffs could very well spend thousands upon thousands of dollars in the Class Action only to see the this Court hold that the debt was discharged in the Debtor's bankruptcy.  The far more efficient process to resolve this matter is for this Court to address the dischargeability issues before allowing the Plaintiffs to waste resources pursuing a debt that very well may remain discharged.  Chapter 7 proceedings are usually resolved quickly and a timely resolution regarding the dischargeability issues in this case would potentially save the Plaintiffs money and resources.  If the Plaintiffs' claims are deemed dischargeable then there is no reason to address liability in the Class Action.

In the likely event that this Court determines that the underlying debt to be dischargeable it is also still unclear at this point as to whether there would be any distribution to unsecured creditors in the instant case.  The Chapter 7 Trustee has yet to file Notice of Assets nor has the Clerk set a Claims Bar Date.  In the event the Trustee determines that there will be a distribution to unsecured creditors then the Plaintiffs could still file a claim and still attempt to pursue class certification in the Bankruptcy Court in order to receive distribution.  The Debtor would most

likely object to the Class Claim once it's filed but the Plaintiffs would still be able to attempt to pursue class certification in order to receive distribution in the Debtor's Chapter 7 case.

**III.   THE PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION TO DISMISS THE DEBTOR'S BANKRUPTCY CASE AND FAIL TO STATE A CAUSE OF ACTION FOR THE DEBTOR'S DISCHARGE TO BE DENIED UNDER §523 OR §727**

**A.   The Plaintiffs fail to state a cause of action to dismiss the Debtor's bankruptcy case under Section §1112(b), §523 and §727 .**

The Debtor does not dispute the Plaintiffs' contention that §523(a) of the Bankruptcy Code excepts certain debt from discharge, and that §727 can deny a Debtor a discharge under various circumstances.  The Plaintiffs throughout the Complaint, however, seek to use Sections §523 and §727 of the Bankruptcy Code to "dismiss" the Debtor's Chapter 7 case for fraud. Sections §523 and §727 of the Bankruptcy Code simply do not provide a mechanism to dismiss an individual Chapter 7 Petition.

The Plaintiffs' Complaint also seeks to dismiss the instant bankruptcy case "for cause" under Section §1112(b) of the Code and sites numerous Reorganization Chapter 11 cases that define "for cause".  As the Plaintiffs' case law clearly points out, Section §1112(b) strictly applies only to Chapter 11 cases.  *See 11 U.S.C. §1112(b); Fraternal Composite Svcs. Inc.,* 315 B.R. 253, 255 (N.D. N.Y. 2004);  *In re HBA E., Inc.,* 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988) (Thus, inherent in the statute, and clearly inferred in 11 U.S.C. §1112(b), is the requirement of good faith on the part of a debtor to file and maintain a *Chapter 11 case*.)  The Debtor did not file Chapter 11 bankruptcy and is not seeking reorganization, but has filed a petition under Chapter 7 liquidation.  Indeed, the goal of Chapter 11 bankruptcy is far different from Chapter 7 in that the purpose of the Chapter 11 petition is to enable a business or an individual to reorganize and

emerge from bankruptcy. *See In re C–TC 9th Avenue Partnership v. Norton Company, Maplewood Colonie Common School, and the Town of Colonie,* 113 F.3d 1304, 1309 (2d Cir.1997). The Debtor filed a liquidation Chapter 7 petition with the intent that any non-exempt assets will be liquidated by the Chapter 7 Trustee in order to pay her creditors.

A Chapter 7 case may be dismissed for "bad faith" under §707(a) of the Bankruptcy Code, however, the Complaint does not request the Court to dismiss the case under §707(a). Even if the Plaintiffs had requested to dismiss the Debtor's case under §707(a), the facts alleged in the Complaint do not constitute "bad faith". The Plaintiffs are alleging "bad faith" simply because the Debtor filed her petition while named in a lawsuit, and that the Plaintiffs believe she might not be insolvent. None of these factors are enough for a Court to determine "bad faith" as the 11th Circuit considers fifteen non-dispositive factors in determining cause under §707(a). *In re Piazza*, 719 F.3d 1253, 1266 (11th Cir. 2013).

The Plaintiffs are also incorrect in their assertion that the Debtor is not insolvent. The Debtor's only non-exempt asset is a potential claim against Compact Information Systems, Inc. The Debtor listed the maximum amount that she might be entitled to under the contract on her bankruptcy schedules, however, the Debtor has been unable to collect on her claim, and any collection at all is unlikely. The Debtor also does not have the means or resources to attempt to collect on the claim. The potential claim is property of the bankruptcy estate under §541, and the Chapter 7 Trustee has been unable to pursue or collect on the claim as well.

### B. The Plaintiffs fail to state any cause of action or grounds for which denial of discharge of their claim should be granted under § 523(a)(2)(A) or (B).

As discussed above the Plaintiffs Complaint Objecting to the Debtor's Discharge inappropriately requests other forms of relief including stay relief, permission to file a Class Proof

of Claim, and overall dismissal of the Debtor's Chapter 7 Petition under §523 or §727 .  As the Complaint is currently written, it is nearly impossible to determine which facts apply to which §523 or §727 allegation to revoke the Debtor's discharge.  That said, it appears that the Plaintiffs have failed to plead any of the elements or factual allegations of the elements for any of the stated reasons for denial of discharge of indebtedness under 11 U.S.C. §523(a)(2) or (B).

Rule 8 of the Federal Rules of Civil Procedure made applicable in Bankruptcy by Bankruptcy Rule 7008(a) requires that a "short and plain statement of the claim showing that the pleader is entitled to relief…"  The 11th Circuit held that "bare allegations fail to comply with Rule 8…" *Kinsey v. Watkins*, 460 Fed.Appx. 877,879 (11th Cir. 2012) continuing on to state that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  The Plaintiffs in this Complaint have labeled and concluded that the indebtedness is nondischargeable, but they must plead specific facts with particularity stating the grounds for which relief is sought.  *In re Weatherford*, 434 B.R. 644 (Bankr. N.D. Ala. 2010).

In order to prove an action under §523(a)(2)(A) the Plaintiffs must prove: (1) The Defendant made a false representation to deceive the Plaintiffs; (2) The Plaintiffs relied on the misrepresentation; (3) The reliance was justified; and (4) The Plaintiffs sustained a loss as a result of the misrepresentation. *In Re O. Aman*, 492 B.R. 550, 564 (Bankr. M.D. Fla 2010).  In addition the "debtor must have obtained money, property or services as a result of his fraudulent conduct" *In Re Bratcher*, 289 B.R. 205, 213 (Bankr. M.D. Fla. 2003).

The Plaintiffs in this Complaint have not stated with specificity what false representations were made, what false representations they relied upon, how their reliance may or may not have

been justified, or how their loss was the result of the Debtor' misrepresentation.  It is also unclear from the Complaint as to whether the Plaintiffs did suffer any loss.  In their Complaint, the Plaintiffs make a legal conclusion that the Defendant made "false pretenses, a false representation, or actual fraud" yet do not provide any specific statements or misrepresentations nor provide how the Plaintiffs relied upon those statements.  In deciding on a Motion to Dismiss "[t]he court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences"  *In Re Lohmeyer*, 365 B.R 746 (Bankr.N.D. Ohio 2007), quoted in *In Re Alcantara*, 389 B.R. 270, 276 (Bankr M.D. Fla. 2008).

The elements of §523(a)(2)(B) require that: (1) the false financial statement is a writing respecting the debtor's financial condition; (2) the financial statement is materially false; (3) the debtor intended to deceive; and (4) the creditor reasonably relied on the statement. *In re Foley,* 156 B.R. 645, 648 (Bankr.D.N.D.1993). The Plaintiffs must prove each of these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).  Although the Debtor denies the facts outlined in the Complaint, the facts alleged simply do not meet the requirements of nondischargeability under § 523(a)(2)(B).  At no point in the Complaint do the Plaintiffs allege how the Plaintiffs relied on a financial statement respecting the Debtor's financial condition or how that financial statement is materially false. There is also no allegation that Plaintiffs reasonably relied on any financial statements.  The Plaintiffs have simply not plead the necessary factual allegations under §523(a)(2)(B).

Federal Rules of Civil Procedure Rule 9(b) made applicable in Bankruptcy by Bankruptcy Rule 7009 requires a heightened pleading standard, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In *American*

*Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit extended the new pleading standard to allegations of fraud holding that an allegation of fraud must be pled with greater specificity and must contain a showing of "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud" *Id*. at 1291.   In their Complaint, the Plaintiffs  fail to include the precise statements that were made and how they were misled or relied on the those misrepresentations.   A creditor seeking to have a debt declared nondischargeable has the burden of proof under the preponderance of evidence standard.   *Gorgan v. Garner*, 498 U.S. 279, 288, 111 S. Ct. 654 (1991).   Moreover, in addition to the pleading requirements pertaining to the "time, place and content of the alleged misrepresentation," the plaintiff's complaint "must set forth what is false or misleading about a statement and… an explanation as to why the statements or omission complained of was false or misleading" *Yourish v. Cal. Amplifier*, 191 F.3d 983,993 n.10 (9th Cir. 1999).   Here, other than conclusory legal allegations, which the Court is not required to accept as true, the Plaintiff fails to allege facts supporting a claim pursuant to 11 U.S.C. §523(a)(2)(A) or (B).

    **C.**    **Plaintiffs have stated no claim upon which relief may be granted under §523(a)(4).**

§523(a)(4) excepts from discharge debts arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.   With regard to the fiduciary aspect of §523(a)(4),  "[f]or a debt to be nondischargeable under this portion of §523(a)(4), two elements must be met: first that Appellant had a fiduciary duty to Appellees, and second that Appellant committed fraud or defalcation while acting in his capacity as a fiduciary." *McDowell v Stein*,

415 B.R. 584, 594 (Bankr. S.D. Fla. 2009).   In the present case, the Defendant did not owe the Plaintiffs a fiduciary duty and nowhere in his Complaint does the Plaintiffs plead how or why a fiduciary relationship would even exist between them and the Defendant.   A fiduciary relationship did not exist, so the Debtor did not owe the Plaintiffs a fiduciary duty.

Embezzlement for the purpose of §523(a)(4) is defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In Re Kelley*, 84 B.R. 225, 331 (Bankr. M.D.Fla.1988), quoting *Moore v. United States*, 160 U.S. 268, 269 (1895).   "To prevail on its embezzlement claim, plaintiffs must show that defendant appropriated funds or property for his own benefit and that he did so with fraudulent intent." *In re Jones*, 176 B.R. 629, 636 (Bankr. M.D.Fla.1995).   As discussed above, Rule 7009 requires a heightened pleading standard in allegations of fraud and the Eleventh Circuit extended the new pleading standards in *American Dental v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).   At no point in the Complaint do the Plaintiffs include the precise statements or misrepresentations of fraud and/or how they were misled.   The heightened pleading standards required to show fraud under Rule 7009 have simply not been met.   Furthermore, although the Defendant denies each and every one of the allegations in the Plaintiffs' Complaint, at no point in the Complaint do they allege that their property was lawfully entrusted to the Defendant which is a necessary element to prove under §523(a)(4)'s embezzlement prong.

Larceny constitutes the fraudulent taking of another's property with the intent to convert it without the other's consent.   *In Re Pupello*, 281 B.R. 763, 768 (Bankr. M.D. Fla.2002). Larceny differs from embezzlement in that the original taking of the property must be unlawful. *Id.*   Again, although the Debtor denies each and allegation in the Plaintiffs' Complaint, it is still

defective as the heightened pleading standards of Rule 7009 have not been met, and the Plaintiffs

do not allege that property was taken from the Plaintiffs.  An allegation of fraud requires great

specificity.  Unwarranted legal conclusions that statements were fraudulent, without more, do not

satisfy the pleading standards of Rule 7009.  *See American Dental Assoc. v. Cigma Corp.*, 605

F.3d 1283 (11th Cir. 2010).

> **D.  Plaintiffs have stated no claim upon which relief may be granted under §523(a)(6).**

A Plaintiff's burden of proof in a §523(a)(6) action is significant.  *In re Maxwell*, 334

B.R. 736, 743 (Bankr. M.D. Fla. 2005).  "A plaintiff must establish  the injury was malicious

after establishing willful injury.  *In re. Uhrig*, 306 B.R. 687, 699 (Bankr. M.D. Fla. 2004).

'Malicious' has been defined by the Eleventh Circuit as 'wrongful and without just cause or

excessive even in the absence of personal hatred, spite or ill-will' *In re Ikner*, 883 F.2d 986, 991

(11th Cir. 1989).  Conduct that is reckless or willfully ignorant does not constitute malicious and

willful pursuant to the *Geiger* standard.  *In Re Ikner*, 883 F.3d at 991.   There must be "a

showing of an intentional or deliberate act, which is not done merely in reckless disregard of the

rights of another.' *Id.*  Furthermore, proof of deliberate acts, alone, is not a sufficient basis for

excepting a debt from discharge under *Section 523(a)(6)*.  "The actual injury must be

intended—not predictably or 'substantially' certain to result from a deliberate act." In re

McClung, 335 B.R. 466, 473 (Bankr.M.D.Fla.2005); *See also Kawaauhau v. Geiger*, 523 U.S.

57, 61 (1998); *In re Luca, 422 B.R. 772, 775 (Bankr. M.D. Fla. 2010)*

The Plaintiffs in this action has not met the "significant" burden of proof required by

*Maxwell* and *Geiger*. The Plaintiffs have not alleged that the actual injury was intended by the

Defendant which is necessary to except from discharge under Section 523(a)(6).  Furthermore,

the Plaintiffs throughout their Complaint even state the necessity of allowing the Class Claimants to file a class proof of claim due to low amount of recovery for each individual.  The low amount of recovery for each individual Plaintiff is indicative that the claims are not strong enough to be considered "excessive".  There is also no specific allegation from the Plaintiffs that the Debtor acted in malice nor do they state how the alleged actions of the Debtor would be malicious which is a  necessary requirement for a dischargeability action under §523(a)(6).  The plaintiffs have simply not provided the necessary facts in order to support the "significant" burden of proof required by *Maxwell* to sustain a nondischargeability action under §523(a)(6).

**E.  Plaintiffs have stated no claim upon which relief may be granted under §523(a)(7).**

The Plaintiffs have misapplied the law in alleging that the debt is not dischargeable pursuant to §523(a)(7).  The plain meaning of §523(a)(7) unambiguously states that the debt must be payable to *and* for the benefit of a governmental unit. Four distinct requirements must be met in order for a debt to be nondischargeable under §523(a)(7). The debt must (1) be a fine, penalty, or forfeiture, (2) be payable to a governmental unit; (3) be payable for the benefit of a governmental unit, and (4) not be compensation for actual pecuniary loss.  *In re McDowell*, 415 B.R. 612, 617 (Bankr. S.D. Fla. 2008).  See also *In re Friedman,* 253 B.R. 576 578–79 (Bankr.S.D.Fla.2000) ("The language 'payable to and for the benefit of a governmental unit' creates two requirements that must be met.... The plain meaning of the statute is that the debt must be both payable to a governmental unit and for the benefit of a governmental unit to be nondischargeable.").  *See also In re Luca*, 422 B.R. 772, 777 (Bankr. M.D. Fla. 2010) which also adopted the "Plain Meaning" approach in determining that in order for debt to be dischargeable under §523(a)(7) then the alleged debt must be payable to and for the benefit of a governmental

unit.  §523(a)(7) is simply no longer applicable to a debt owed to a private litigant.

**F.     Plaintiffs have stated no claim upon which relief may be granted under §727(a)(3).**

The Complaint requests that this Court either dismiss the Debtor's petition pursuant to Section §727 or deny the discharge under §727(a)(3), (a)(4)(A), and (a)(4)(C).  As discussed above, Section §727 provides no mechanism to dismiss a Chapter 7 case.  Furthermore, the nondischargeability claims brought under §727 appear to be thrown into the Complaint as an afterthought without any grounds or basis as Plaintiffs fail to allege the necessary elements.

A creditor objecting to a discharge under §727(a)(3) has the initial burden of proving (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. Once a creditor shows that a debtor's records are inadequate, the burden shifts to the debtor to justify such inadequacies. *In re Sadler*, 282 B.R. 254, 263 (Bankr. M.D. Fla. 2002). Furthermore, because §727 imposes an extreme penalty for wrongdoing, it must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt. *In re Kran*, 493 B.R. 398, 403 (S.D.N.Y. 2013) aff'd, 760 F.3d 206 (2d Cir. 2014).

The Complaint alleges that the Debtor's discharge should be denied under 727(a)(3) because she does not list Texas and Florida Motor Vehicle Records (the "MVRs") in her Schedule B and Statement of Financial Affairs of her Bankruptcy Petition.  The Complaint also alleges that these MVRs were acquired by two non-debtor entities whose assets were subsequently purchased by Compact Information Systems, Inc. in early 2011.  At no point in the Complaint do the Plaintiffs allege why MVRs that were purchased by non-debtor entities, and that were later acquired by a third-party nearly 5 years ago should be listed on the Debtors'

Bankruptcy petition.  Furthermore, the Plaintiffs fail to allege why this documentation would be necessary to determine the Debtor's financial condition which is a requirement of denying a discharge pursuant to § 727(a)(3).  *Jacobowitz v. Cadle Co.* (*In re Jacobowitz* ), 309 B.R. 429, 436 (S.D.N.Y.2004); *Sadler* at 254.

G.    **The Plaintiffs have stated no claim upon which relief may be granted under §727(a)(4)(A) and (C).**

As Section §727(a)(4) requires a showing that the Debtor fraudulently committed one of the actions contained in subsections (A) through (D), the heightened pleading standard of Rule 9(b) applies to allegations made under this section. Therefore, the allegations under Section 727(a)(4) in the Complaint must be pled with particularity in order to survive a  motion to dismiss. *In re Aseireh*, 526 B.R. 246, 250 (Bankr. N.D. Ohio 2015).  Here the Plaintiffs have failed to show any actual fraud, deceit, or misrepresentation.  Their entire objection to the Debtor's discharge under §727(a)(4)(A) rests on one allegation that the Debtor's potential claim against Compact Information Systems, Inc. is not properly listed on the Debtor's Schedule B and Statement of Financial.  The potential claim is indeed listed on Schedule B and also listed on the Debtor's Statement of Financial Affairs.  Furthermore, both the Chapter 7 Trustee and the United States Trustee are satisfied with the Debtor's schedules and filings.  A copy of the Debtor's Schedule B and Statement of Financial Affairs is attached hereto and incorporated as Exhibits "A" and "B".

As discussed above, the heightened pleading standard or Rule 9(b) applies to allegations made under §727(a)(4)(C).  The Plaintiffs' Adversary Complaint simply lists the relevant statute and then alleges that the the Debtor "knowingly and fraudulently" violated said statute. Furthermore, the Adversary Complaint fails to allege how any of the Debtor's behavior was in

connection *to this bankruptcy case* which is a requirement of §727(a)(4)(C). *In re Adalian*, 481 B.R. 290, 299 (Bankr. M.D. Pa. 2012).

## CONCLUSION

The Complaint fails to state any claim upon which relief could be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides that a defendant in an adversary proceeding may move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In taking the facts pled as true, the complaint must contain "sufficient factual matter… to 'state a claim that is plausible on its face'. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459, F.3d 1249 (11th Cir. 2006). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. A complaint consisting of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements", and nothing more, does not satisfy Rule 12(b)(6) under the *Iqbal and Twombly* standard. *Id.*

The Plaintiffs in this adversary proceeding attempt to seek various forms of relief which should not be before this Court in an adversary proceeding seeking to revoke the Debtor's bankruptcy discharge. In doing so it makes it virtually impossible for the Defendant to file an adequate answer to the dischargeability allegations. The majority of the facts laid out in the Complaint appear in sections of the Complaint requesting automatic stay relief or for the Plaintiff

to be allowed to file a class proof of claim.  The Complaint in its current form does not allow the Defendant to be able determine which facts apply to which of the § 523 and § 727 dischargeability allegations.   As such, the Complaint should be dismissed in its entirety, or in the alternative, the sections of the Complaint which do not deal with Objecting to the Debtor's discharge should be stricken.

The Plaintiffs have alleged that several of the Defendant's actions arise to the level of nondischargeability under 11 U.S.C §523 and 11 U.S.C. §727.   However, the Complaint is lacking in specific facts proving these allegations, and the Plaintiffs have failed to satisfy the heightened pleading requirements of Bankruptcy Rule 7009.   The Complaint, as is, consists of nothing more than "labels and conclusions" and a "formulaic recitation of the elements of a cause of action" which  the Supreme Court has proscribed against.  *Twombly*, 550 U.S. at 555. "To Prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  *In re Pillowtex Corp.*, 427 B.R 301, 310 (Bankr D. Del 2010), quoting *Ashcroft v. Iqubal*, 129 S. Court 1937 (2009).   Further, "objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor." *Avis Rent A Car Systems, Inc. v. Maxwell* (In Re Maxwell), 334 B.R. 736, 741 (Bankr. M.D. Fla.2005), *citing In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. 1986).   A denial of discharge imposes an extreme penalty and should not be taken lightly. *Stapleton v. Yanni (In re Yanni)*, 354 B.R. 708, 712 (3rd Cir. 1993).   As the Complaint is not specific in its allegations against the Defendant and the dischargeability objections are to be strictly construed against the Plaintiffs, the Debtor moves this Court to dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted.

11 U.S.C. 523(d) provides for a prevailing debtor in a nondischargeability action to recover fees and costs where the creditor's position was not "substantially justified". The Debtor has retained Martin Law Firm, P.L. to represent her in this adversary proceeding and has incurred attorney's fees and costs due to responding to the Plaintiffs' nondischargeability action. The Debtor asks that all attorney's fees and costs that it will incur during the course of this adversary proceeding be paid by the Plaintiffs.

As the Plaintiffs have failed to meet the lowest threshold of adequate pleadings, the Complaint objecting to discharge of indebtedness under §523 and §727 should be dismissed with prejudice pursuant to Rule 7009 and Bankruptcy Rule 7012, and that the Debtor be awarded attorney's fees and expenses.

Respectfully submitted on November 19th, 2015

MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
   Jonathan M. Bierfeld
   Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2015, a copy of the foregoing has been furnished to either electronically or by U.S. Mail to the U.S. Trustee at 501 East Polk Street, Suite 1200, Tampa, FL 33602; Chapter 7 Trustee, Diane L. Jensen, PO Drawer 1507, Fort Myers, FL 33902; Richard M. Dauval, Leavengood, Dauval, Boyle & Meyer, P.A., 3900, First Street, North, Suite 100, St. Petersburg, FL 33703; Joseph H. Malley, Law Offices of Joseph H. Malley, P.C., 1045 North Zang Blvd., Dallas, TX 75208; Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Suite 310, Dallas, TX 75204.

MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
   Jonathan M. Bierfeld
   Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com

*Attorneys for Defendant*