UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| In re: | Case No.: 9:15-bk-07321-FMD |
| ELIZABETH MARIE BLANK, | Chapter 7 |
| Debtor(s). | |
| _____/ | |
| TOBY CROSS and ARTHUR LOPEZ, individuals, on their own behalf and on behalf of all others similarly situated Plaintiff(s), | |
| vs. | Adv. No.: 9:15-ap-00926-FMD |
| ELIZABETH MARIE BLANK Defendant(s). | |
| _____/ | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED ADVERSARY COMPLAINT**

Defendant, Elizabeth Marie Blank ("Debtor" or "Defendant"), by and through the undersigned attorney and pursuant to Rules 7007 and 7008, Federal Rules of Bankruptcy Procedure, hereby files her Answer and Affirmative Defenses to the First Amended Adversary Complaint ("Complaint"), filed by Plaintiffs Tobey Cross and Arthur Lopez, individuals on their own behalf and on behalf of others similarly situated (the "Plaintiffs"), and in support thereof, states as follows:

The Defendant admits that she filed the above-referenced bankruptcy case on July 16, 2015, and that Plaintiffs had previously brought a Complaint against the Defendant in *Doe v. Compact Information Systems, Inc.*, Case No. 3:13-cv-05013-M-BH in the United States District Court for the Northern District of Texas on December 27, 2014. The Defendant denies the rest of the allegations in the Plaintiff's opening paragraph to the Complaint.

**I.   INTRODUCTION**

1. The Defendant denies the allegations set forth in Paragraphs 1-6.

**II.   PARTIES**

2. The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint. As a result the Defendant denies same and demands strict proof thereof.

3. The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint. As a result the Defendant denies same and demands strict proof thereof.

4. The Defendant admits the allegations contained in Paragraph 9 of the Complaint.

**III.   JURISDICTION AND VENUE**

5. The Defendant admits the allegations contained in Paragraph 10 of the Complaint.

6. As to the allegations set forth in Paragraph 11 of the Complaint, the Defendant admits that this Court has subject matter jurisdiction pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. The Defendant further admits that this matter is primarily a core proceeding, and, therefore, the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then the Defendant consents to the entry of a final order by the Bankruptcy Judge.

7. As to the allegations set forth in Paragraph 12, the Defendant admits that this Court has personal jurisdiction pursuant to Florida Statute § 48.193 and that venue is proper under 28 U.S.C. §1409. The Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

## IV.     THE DRIVER'S PRIVACY PROTECTION ACT

8.      With respect to the language contained in Paragraphs 13-19 of the Complaint, the Defendant admits that the statements of statutory law speak for themselves and the case law cited speak for themselves.  To the extent a response is required, the Defendant denies any allegation contained in Paragraphs 13-19 of the Complaint.

## V.     ALLEGED VIOLATIONS OF THE DRIVER PRIVACY PROTECTION ACT

9.      The Plaintiffs list a Second Paragraph 17 in their Complaint.  As to the allegations set forth in the Second Paragraph 17, the Defendant admits only that she was a former president and registered agent of Data Solutions of America, Inc. ("DSOA").  The Defendant denies the rest of the allegations contained in the Second Paragraph 17.

10.     The Plaintiffs list a Second Paragraph 18 in their Complaint.  As to the allegations set forth in the Second Paragraph 18, the Defendant admits only that she owned stock and was a former president and registered agent of KMB Statistics, LLC ("KMB").  The Defendant denies the rest of the allegations contained in the Second Paragraph 18.

11.     The Plaintiffs list a Second Paragraph 19 in their Complaint.  As to the allegations set forth in the Second Paragraph 19, the Defendant admits that the assets of KMB and DSO were acquired by Compact Information Systems ("CIS") on or around February 2011, and that the Defendant was hired as an employee of CIS.  The Defendant is without knowledge and therefore denies the rest of the allegation set forth in the Second Paragraph 19.

12.     As to the allegations set forth in Paragraph 20, the Defendant admits only that she was formerly a president of DSOA and KMB.  She further admits that DSOA filed for corporate dissolution on September 28, 2012, and that KMB filed for corporate dissolution on September

27, 2013.  The Defendant denies the rest of the allegations in Paragraph 20 of the Complaint.

13. As to the allegations set forth in Paragraph 21, the Defendant admits only that KMB and DSOA lawfully obtained information from Motor Vehicle Records ("MVRs").  The Defendant denies the rest of the allegations set forth in Paragraph 21.

14. As to the allegations set forth in Paragraph 22, the Defendant admits only that KMB entered into a contract dated March 18, 2009 with the Texas Department of Motor Vehicles to obtain certain Texas motor vehicle registration data, and that the Defendant signed the contract on KMB's behalf.  The Defendant further admits that she had statutory permissible purposes for obtaining the registration data.  The Defendant denies the rest of the allegations set forth in Paragraph 22 of the Complaint.

15. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.  As a result, Defendant denies the same and demands strict proof thereof.

16. As to the allegations set forth in Paragraph 24 of the Complaint, the Defendant admits only that she received a letter from the Texas DMV on or around January 31, 2013. The Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 24.  As a result, Defendant denies the same and demands strict proof thereof.

17. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraphs 25 and 26 of the Complaint.  As a result, Defendant denies the same and demands strict proof thereof.

18. The Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

19. The Defendant denies the factual allegations set forth in Paragraphs 28-34.  The

remaining portions of Paragraphs 28-34 recite legal conclusions and require no response. To the extent a response is required, the remaining portions of Paragraphs 28-34 are denied.

## VI. CLASS ACTION ALLEGATIONS

20. As to the allegations set forth in Paragraphs 35-41, the Defendant denies that a class action is appropriate in this case. To the extent that the Court requires an answer to the factual allegations relating to the Class Members, the Defendant denies the allegations contained in Paragraphs 35-41.

## COUNT I
**Alleged Violations of the Driver's Privacy Protection Act, § 18 U.S.C. § 2721 et seq.**

21. The Defendant realleges and incorporates her responses to the allegations in the previous Paragraphs.

22. The Defendant denies the allegations contained in Paragraph 43 of the Complaint.

23. The allegations contained in Paragraph 44 are a conclusion of law, and therefore, no response is required. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

24. The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

25. The allegations contained in Paragraph 46-50 are conclusions of law to which no response is required. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

26. The Defendant denies the factual allegations contained in Paragraphs 51-54. The remaining portions of Paragraphs 51-54 recite legal conclusions that require no response. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

27. The allegations contained in Paragraph 55 are conclusions of law to which no

response is required. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

28. The Defendant denies the allegations set forth in Paragraphs 56-63 of the Complaint.

## COUNT II
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 523(a)(6)

29. The Defendant realleges and incorporates her responses to the allegations in the previous Paragraphs.

30. The Defendant denies the factual allegations set forth in Paragraphs 65 and 66 of the Complaint. The remaining portions of Paragraphs 65 and 66 are conclusions of law that do not require a response. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

31. As to the allegations set forth in Paragraph 67, the Defendant admits only that she had been an officer of KMB and DSOA, and had owned stock in KMB. She further admits that at one point she had the title of a vice-president at CIS. The Defendant denies the rest of the allegations set forth in Paragraph 67.

32. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 68 of the Complaint. As a result, the Defendant denies same and demands strict proof thereof.

## COUNT III
## (Plaintiff and Class's Objection to Blank's Discharge Under 11 U.S.C. §727(a))

33. The Defendant realleges and incorporates her responses to the allegations in the previous Paragraphs.

34. The Defendant denies the factual allegations contained in Paragraphs 70-72 of the Complaint. The remaining portions of Paragraphs 70-72 recite legal conclusions that require no response. To the extent a response is required, the Defendant denies same and demands strict proof thereof.

35. The Defendant reserves the right to supplement, revise or otherwise amend her answers based on information or knowledge obtained throughout the course of litigation and discovery in the above-captioned case. Any allegation in the Complaint which is not admitted, denied or otherwise controverted in this Answer is hereby denied.

## AFFIRMATIVE DEFENSES

1. **Alleged acts were outside control and authority of Defendant -** As to her First Affirmative Defense, the Defendant argues that any acts, whether of omission or commission, or elements of any cause of action alleged herein, were the actual responsibility or caused by other entities and individuals other than the Defendant, and who was acting outside of her control and authority.

2. **Failure to state a claim upon which relief may be granted under §523(a)(6) -** As to her Second Affirmative Defense, the Defendant argues that the Plaintiffs have not stated a claim upon which relief can be granted under § 523(a)(6). A Plaintiff's burden of proof in a §523(a)(6) action is significant. *In re Maxwell*, 334 B.R. 736, 743 (Bankr. M.D. Fla. 2005). "A plaintiff must establish the injury was malicious after establishing willful injury. *In re Uhrig*, 306 B.R. 687, 699 (Bankr. M.D. Fla. 2004). 'Malicious' has been defined by the Eleventh Circuit as 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will' *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989). Conduct that is reckless or willfully

ignorant does not constitute malicious and willful pursuant to the *Geiger* standard. *In Re Ikner*, 883 F.3d at 991. There must be "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another.' *Id.* Furthermore, proof of deliberate acts, alone, is not a sufficient basis for excepting a debt from discharge under *Section 523(a)(6)*. "The actual injury must be intended—not predictably or 'substantially' certain to result from a deliberate act." In re McClung, 335 B.R. 466, 473 (Bankr.M.D.Fla.2005); *See also Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); <u>*In re Luca,*</u> 422 B.R. 772, 775 (Bankr. M.D. Fla. 2010).

The Plaintiffs in this action has not met the "significant" burden of proof required by *Maxwell* and *Geiger*. The Plaintiffs have not alleged that the actual injury was intended by the Defendant which is necessary to except from discharge under Section 523(a)(6). Furthermore, the Plaintiffs throughout their Initial Complaint and Amended Complaint even state the necessity of allowing the Class Claimants to file a class proof of claim due to low amount of recovery for each individual. "The damages suffered by each individual Class member will likely be relatively small..." (Adv. Doc. No. 5; Pg 16). The low amount of recovery for each individual Plaintiff is indicative that the claims are not strong enough to be considered "excessive". Furthermore, the Plaintiffs base their objection under §523(a)(6) on allegations that the Defendant possibly spoliated records relevant to the DPPA claims against the Defendant. Although the Defendant denies these claims, even if records had been spoliated, and the Defendant was found liable under the DPPA, the injury to the Plaintiffs would still not rise to the level to make the claim non-dischargeable under §523(a)(6).

There is also no specific allegation from the Plaintiffs that the Debtor acted in malice nor do they state how the alleged actions of the Debtor would be malicious which is a necessary

requirement for a dischargeability action under §523(a)(6). The plaintiffs have simply not provided the necessary facts in order to support the "significant" burden of proof required by *Maxwell* to sustain a nondischargeability action under §523(a)(6).

3. **Failure to state a claim upon which relief may be granted under §727(a)(3):** As to her Third Affirmative Defense, the Defendant argues that the Plaintiffs have not stated a claim upon which relief can be granted under §727(a)(3). A creditor objecting to a discharge under §727(a)(3) has the initial burden of proving (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. Once a creditor shows that a debtor's records are inadequate, the burden shifts to the debtor to justify such inadequacies. *In re Sadler*, 282 B.R. 254, 263 (Bankr. M.D. Fla. 2002). Furthermore, because §727 imposes an extreme penalty for wrongdoing, it must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt. *In re Kran*, 493 B.R. 398, 403 (S.D.N.Y. 2013) aff'd, 760 F.3d 206 (2d Cir. 2014).

The Complaint alleges that the Debtor's discharge should be denied under 727(a)(3) because certain non-debtor entities allegedly did not maintain Texas Motor Vehicle Records ("MVRs") that were mostly acquired over five years prior to the Debtor filing bankruptcy. At no point in the Complaint do the Plaintiffs allege why MVRs that were acquired by non-debtor entities, and that were later lawfully acquired by a third-party nearly 5 years ago, are material in determining the Debtor's financial situation or material business transactions which is a requirement of denying a discharge pursuant to § 727(a)(3). *Jacobowitz v. Cadle Co.* (*In re Jacobowitz*), 309 B.R. 429, 436 (S.D.N.Y.2004); *Sadler* at 254.

The Debtor's financial situation and material business transactions were investigated in detail by the Chapter 7 Bankruptcy Trustee and the United States Trustee under the jurisdiction of the United States Department of Justice. Both parties were satisfied with the Debtor's financial records, and filed no objections in the Debtor's bankruptcy case.

4. **Right to Set-Off** - Should any damages be awarded against the Defendant then the Defendant is entitled to a set-off in the amount of damages or settlement amounts recovered by Plaintiffs and potential class members with respect to the the same alleged injuries. The Defendant is also entitled to have any damages that may be awarded reduced by the value of any benefit or payment the Plaintiffs received from any collateral source.

5. **No Standing -** Plaintiffs and potential class members lack standing to bring this adversary proceeding because they have suffered no actual harm as a result of the Defendant's alleged actions and therefore cannot satisfy the requirements of Article III of the Constitution. Furthermore, the claims of the Plaintiffs and potential class members are barred, in whole or in part, by the statute of limitations.

6. **Attorney's Fees:** 11 U.S.C. 523(d) provides for a prevailing debtor in a nondischargeability action to recover fees and costs where the creditor's position was not "substantially justified". The Debtor has retained Martin Law Firm, P.L. to represent her in this adversary proceeding and has incurred attorney's fees and costs due to responding to the Plaintiffs' nondischargeability action. The Debtor asks that all attorney's fees and costs that it will incur during the course of this adversary proceeding be paid by the Plaintiffs.

7. **Reservation**: The Defendant reserves the right to supplement, revise or otherwise amend its affirmative defenses based on information or knowledge obtained

throughout the course of litigation and discovery in the above-captioned case.

Respectfully submitted on February 2, 2016.

        MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
   Jonathan M. Bierfeld
   Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 2, 2016, a copy of the foregoing has been furnished to either electronically or by U.S. Mail to the U.S. Trustee at 501 East Polk Street, Suite 1200, Tampa, FL 33602; Chapter 7 Trustee, Diane L. Jensen, PO Drawer 1507, Fort Myers, FL 33902; J. Andrew Meyer, Leavengood, Dauval, Boyle & Meyer, P.A., 3900, First Street, North, Suite 100, St. Petersburg, FL 33703; Joseph H. Malley, Law Offices of Joseph H. Malley, P.C., 1045 North Zang Blvd., Dallas, TX 75208; and Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Suite 310, Dallas, TX 75204; and Defendant Elizabeth Blank, 5311 SW 9th Place Cape Coral, FL 33914.

    MARTIN LAW FIRM, P.L.,
By /s/ Jonathan M. Bierfeld
   Jonathan M. Bierfeld
   Florida Bar Number 68237

3701 Del Prado Boulevard S.
Cape Coral, Florida 33904
(239) 443-1094 (Telephone)
(239) 443-1168 (Facsimile)
jonathan.bierfeld@martinlawfirm.com

*Attorneys for Defendant*